IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ARIGNA TECHNOLOGY LIMITED, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:22-cv-00126-JRG-RSP |
| | § | |
| NISSAN MOTOR COMPANY, LTD., ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Before the Court is the Motion for Severance (Dkt. No. 54) filed by Defendants Nissan Motor Co., Ltd.; Nissan North America, Inc.; Tesla, Inc.; Tesla Motors TX, Inc.; Toyota Motor Corporation; Toyota Motor North America, Inc.; and General Motors LLC (collectively, the "Vehicle Defendants"); as well as Continental AG; Conti Temic Microelectronic GmbH; and ADC Automotive Distance Control Systems GmbH (collectively, "Continental").  On July 19, 2022, the Court heard arguments on the Motion. Having reviewed the briefing and the arguments presented at the hearing, the Court **GRANTS** the Motion.

I.   **Background**

In this case, Plaintiff Arigna Technology Limited alleges that the Defendants infringe U.S. Pat. No. 7,397,318 by incorporating the NXP MR2001V chip package into their products via Continental's ASR4-series radar module, which utilizes the NXP Chip. Based on this, the Defendants move the Court under Fed. R. Civ. P. 21 to sever the claims against Continental from the claims against the Vehicle Defendants and go forward first with a trial against Continental.

## II.  Legal Standard

Rule 21 provides that a court may sever any claim against a party. Fed .R. Civ. P. 21. When determining whether to sever, a court considers whether (1) the remaining claims are peripheral to the severed claims; and (2) adjudication of the severed claims would potentially dispose of the remaining claims. *Shifferaw v. Emson USA*, No. 2:09-cv-54, 2010 WL 1064380, *1 (E.D. Tex. Mar. 18, 2010).

## III.  Analysis

The parties' arguments addressed whether the claims of infringement and validity against Continental, and any resulting damages, should be severed from the claims against the Vehicle Defendants. Beginning with infringement, Continental argues that the claims of infringement against the Vehicle Defendants are peripheral because the Vehicle Defendants merely incorporate Continental's ASR4 Module into their vehicles without modification. Dkt. No. 54 at 6-7. Continental argues that, because the Vehicle Defendants do not modify the ASR4 Modules and Continental manufactures them, the Vehicle Defendants only infringe if Continental's ASR4 Module is found to infringe. Furthermore, the Defendants argue that adjudication of the severed claims of infringement against Continental would resolve the claims against the Vehicle Defendants because the Vehicle Defendants have agreed to be bound by a finding of infringement or non-infringement in a trial against Continental if the Court severs the claims. Dkt. No. 81.

Arigna responds by arguing that the territorial aspect of this case weighs against severance because deciding Continental's liability does adjudicate the liability of the Vehicle Defendants. Argina argues that a certain quantity of ASR4 Modules that are manufactured and sold abroad do not infringe until they are sold or imported by the Vehicle Defendants into the United States. Dkt. No. 101 at 2-3. According to Arigna, this means that Continental is not liable for all the infringing

ASR4 Modules in the United States; and therefore, a finding that Continental infringes the '318 Patent does moot whether the Vehicle Defendants infringe the '318 Patent.

As to validity, the parties do not address whether validity issues would be peripheral. However, Vehicle Defendants have also agreed to be bound by finding of validity or invalidity in a trial against Continental. Dkt. No. 90 at 2.

Here, the Court finds that the remaining claims of infringement against the Vehicle Defendants would be peripheral to infringement claims against Continental. Although Arigna argues that Continental and the Vehicle Defendants are liable for different ASR4 Modules, the Court finds that whether Continental and the Vehicle Defendants infringe turns on the common issue of whether the ASR4 Module's use of the NXP Chip infringes the '318 Patent. Given that Continental makes the ASR4 Module it is in the best position to address this common issue.

Furthermore, if the ASR4 Module is found to infringe in a trial against Continental, the liability of the Vehicle Defendants simply becomes a question of whether the Vehicle Defendants import the ASR4 Module into the United States. To this question, the Vehicle Defendants have already agreed to stipulate that they import and sell the ASR4 Module in the United States and provide evidence supporting the unit counts of ASR4 Modules each Vehicle Defendant sells or imports in the United States. Dkt. No. 129 at 106:1-5 ("The only thing that would be unique to Defendants are the actual sales or importation of allegedly infringing items, and we've agreed to so stipulate and provide what is needed as to the unit counts, and Conti has agreed to accept liability for those unit counts."). This agreement by the Vehicle Defendants supports a finding that the claims of infringement against the Vehicle Defendants are peripheral.

Additionally, the second requirement is satisfied by the Vehicle Defendants agreeing to be bound by a finding of infringement or non-infringement from a trial against Continental; thus an

adjudication of the severed claims would resolve the remaining claims. Because of the Vehicle Defendants' agreement to be bound by a finding of validity or invalidity, the Court likewise finds that the validity claims are peripheral and would be resolved by a trial against Continental.

Turning to damages, Arigna's damages expert, as outlined in his Opening Expert Report, identifies five different hypothetical negotiations based on when each Defendant first sold or imported an ASR4 Module into the United States, with Continental's hypothetical negotiation occurring a few years before that of the first Vehicle Defendant. Dkt. No. 112-1 at ¶¶ 246-50. Based on the different dates of infringement and how the different Defendants "value" the ASR4 Module, Arigna's expert determines a different royalty rate for each group of the Defendants. *See id.* at ¶¶ 465-66. In response, Defendants take issue with Arigna's theory that there would be different royalty rates for the same ASR4 Module at different points in the supply chain. *See* Dkt. No. 54 at 10 (citing *California Ins. of Tech. v. Broadcom Ltd.*, 25 F.4th 976 (Fed. Cir. 2022)).

In *Broadcom*, the Federal Circuit held that the "mere fact" that two different defendants separately infringe "alone does not support treating the same [infringing product] differently at different stages in the supply chain . . . ." *Id.* at 993-94. Furthermore, the Federal Circuit rejected Caltech's argument— that the separate royalty rates were proper because "the reasonable royalty inquiry focuses on the amount of value that the patent technology adds to a product." *Id.* at 994. The Federal Circuit stated that this "value" argument ignores established precedent and "in the absence of a compelling showing otherwise, a higher royalty is not available for the same device at a different point in the supply chain." *Id.* Finally, *Broadcom* addressed successive infringers stating that, "a reasonable royalty is not to be separately calculated against each successive infringer. Once full recovery is obtained from one infringer with respect to a particular infringing

4

device, at most nominal additional damages may be awarded against another with respect to the same device." *Id*. (quoting *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1562 (Fed. Cir. 1983)).

Based on *Broadcom*, the Court finds that Arigna's multiple royalty rate damages theory is untenable. First, Arigna's damages theory is based on the fact that the Defendants infringe only because they separately sell or import the same infringing product, but as stated in *Broadcom*, the "mere fact" that the Defendants infringe separately does not justify assigning different royalty rates to the same infringing product. Second, Arigna's value argument, which is similar to Caltech's rejected value argument, does not justify assigning different royalty rates for the same product.[1] Third, because Arigna's expert opines that Continental's hypothetical negotiation date is first, the other Defendants would be considered successive infringers and, if a full recovery is obtained from Continental at a first trial, then "at most nominal additional damages may be awarded against" the Vehicle Defendants. *Id.* Finally, Arigna's other arguments against severance, mainly concerning the admissibility of documents and testimony, do not weigh against severance and will be addressed through the pretrial process.

In sum, the Court finds the claims of infringement and validity against the Vehicle Defendants are peripheral to similar claims against Continental, largely because of the Vehicle Defendants' agreement to be bound by the outcome of a trial against Continental and to provide evidence to show their respective ASR4 Module unit counts sold or imported into the United States. Additionally, given the Federal Circuit's *Broadcom* decision, there will only be one royalty rate for the ASR4 Module in this case and that royalty rate will be determined at a hypothetical

---

[1] At this time, the Court is not striking any portions of Arigna's Opening Expert Report concerning damages. As to Arigna's value theory, potentially under the "Book of Wisdom," the Vehicle Defendants' use of the ASR4 Module could be considered at the hypothetical negotiation. However, the Court does not issue any specific ruling as to the admissibility of this theory and will give Arigna the first opportunity to conform its theory to *Broadcom*, and address issues related to admissibility during the pretrial process.

negotiation with Continental. Thus, a first trial against Continental would lead to the resolution of most or all of the peripheral claims against the Vehicle Defendants.

### IV. Conclusion

Based on the foregoing, the Court **GRANTS** the motion. Therefore, the Clerk of the Court is directed to **SEVER** Defendants Nissan Motor Co., Ltd., Nissan North America, Inc., Tesla, Inc., Tesla Motors TX, Inc., Toyota Motor Corporation, Toyota Motor North America, Inc., and General Motors LLC into a separate suit and then the new case is to be **CONSOLIDATED** with the above-captioned case for pretrial purposes. This Order does not change the current jury selection/trial date, only now the trial will between Arigna and Continental, and any issues related to the Vehicle Defendants' agreement to provide evidence to support the unit counts for the products which they sell or import in the United States will be taken up as they arise.

**SIGNED this 3rd day of August, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE